ISLAND TERRACE APARTMENTS, Plaintiff-Appellant, *v.* KEYSTONE SERVICE Co., Defendant-Appellee.

First District (3rd Division) No. 61773

Opinion filed December 18, 1975.

Stradford, Lafontant, Fisher & Malkin, of Chicago (Herbert H. Fisher and Douglas Polsky, of counsel), for appellant.

Arthur Rosenblum, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff landlord, Island Terrace Apartments, appeals from an order of the circuit court of Cook County vacating a default judgment for possession of premises rendered in its favor against its tenant, defendant Keystone Service Co. Defendant conducted a coin-operated laundry equipment business on the premises. Defendant filed its petition to vacate the judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) 41 days after judgment was entered.

On November 1, 1974, plaintiff filed suit to recover possession of the premises in question. On November 4, 1974, summons was returned by the sheriff showing service on one "Mrs. Breck, agent" of defendant.

Defendant did not appear or answer the complaint and on November 19, 1974, an ex parte hearing was held. The court found defendant guilty of withholding the premises claimed by plaintiff and ordered a

writ of restitution to issue with a stay of five days. On December 2, 1974, seven days after the expiration of the stay of execution, plaintiff placed a writ of restitution with the sheriff. On December 26, 1974, defendant's president, Louis S. Cole, was notified that the sheriff was disconnecting and removing the machines from plaintiff's premises.

On December 30, 1974, defendant filed its petition to vacate the judgment order of November 19, 1974. The petition first attacked the sheriff's return, stating that there was no one by the name of Breck in defendant's employ on the day that summons was purportedly served. Defendant admitted that it employed a woman by the name of Dianne Brick but stated that she was not an officer nor an agent of the corporation and was not authorized to receive service of summons. The petition further recited that defense counsel had advised plaintiff's counsel on November 1, 1974, that defendant vigorously would defend any legal action arising out of the dispute. Despite this notice plaintiff's counsel failed to advise defendant's attorney that suit was pending or that a default judgment had been entered. The petition also recited that plaintiff's and defendant's counsel both officed in the same building in downtown Chicago.

Accompanying the petition to vacate the judgment were the affidavits of Dianne Brick and Louis Cole. Dianne Brick, in her affidavit, stated that her duties with defendant consisted of answering the telephone and receiving customer complaints; and that she was not authorized to accept legal documents on behalf of defendant. She further stated that she did not recall being served with legal documents on November 4, 1974; and that she did not talk to a sheriff or other person serving writs. On that afternoon she became violently ill and was taken home and then to a hospital. If she did receive legal documents, she did not give them to the receptionist or an officer of the corporation. Mrs. Brick was never involved in any legal proceeding and stated that she did not understand the import of legal summons.

Louis Cole stated in his affidavit that he was present at defendant's office all day on November 4, 1974, and was neither served with a summons nor informed that anyone employed by defendant had been so served. Cole further stated that he was first notified of plaintiff's suit on December 26, 1974, when he was advised that defendant's equipment was being removed from the premises by the sheriff. Cole also stated that Dianne Brick was not authorized to receive summons on behalf of defendant. He further stated that Mrs. Brick had become violently ill in the late afternoon of November 4, 1974, had been taken home by another employee and subsequently hospitalized.

In opposition to the petition, plaintiff filed a sworn answer of its man-

aging agent, Albert H. Johnson. Johnson stated that on November 26, 1974, he telephoned Louis Cole and informed him of the judgment for possession. Johnson inquired when defendant would remove its equipment and Cole stated that the matter was in the hands of his attorney.

At the hearing on the petition Cole and Brick testified to the matters set forth in their affidavits. Additionally, Brick testified that she had been employed by defendant as a clerk for six years and was a high school graduate. Cole testified that he had a conversation on November 26 with Johnson; Johnson had not mentioned a judgment but had merely asked when he was going to remove his equipment. The deputy sheriff who had made the return on the service of summons was not called as a witness. At the conclusion of the hearing, the trial court found that the evidence presented by defendant rebutted the prima facie return of service by the sheriff, and an order vacating the default judgment was entered.

On appeal plaintiff urges that the sheriff's return is prima facie proof of service and that the evidence presented by defendant was insufficient to overcome the presumption in favor of the return. Plaintiff also contends that Mrs. Brick was defendant's agent for service of process under section 13.3 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 13.3.) Under that section, a corporation may be served by leaving copy of process with its registered agent, officer or agent.

■■ Initially, we observe that a section 72 petition is a proper method of questioning a sheriff's return of summons. (*Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill.App.3d 573, 305 N.E.2d 25.) Generally, the sheriff's return is prima facie evidence of service which can be set aside only by clear and satisfactory evidence. (*Ford v. Continental Illinois National Bank & Trust Co.* (1974), 18 Ill.App.3d 166, 309 N.E.2d 332; *Isaacs v. Shoreland Hotel* (1963), 40 Ill.App.2d 108, 188 N.E.2d 776.) When a corporation is sued, however, a sheriff's return as to the fact of agency is not conclusive. Agency involves matters presumptively not within the personal knowledge of the officer, and may be placed in issue by a denial. (*Ingram v. MFA Insurance Co.* (1974), 18 Ill.App.3d 560, 309 N.E.2d 690; *Harris v. American Legion Post No. 838* (1973), 12 Ill. App.3d 235, 297 N.E.2d 795.) Where the agency of the person named on the return is disputed, the defendant has the burden of proving that the individual served was not a proper person to receive service. *Millard v. Castle Baking Co.* (1959), 23 Ill.App.2d 51, 161 N.E.2d 483 (abstract opinion).

■■ While it has been held that a clerk or typist may be an agent of a corporation for the purpose of receiving service of process, *Millard v. Castle Baking Co.*, employment and agency generally are not con-

sidered identical. (*Jansma Transport, Inc. v. Torino Baking Co.* (1960), 27 Ill.App.2d 347, 169 N.E.2d 829.) Service on a secretary or receptionist "who understands the purport of the service of summons" may be service on the corporation. (*Union Asbestos & Rubber Co. v. Evans Products Co.* (7th Cir. 1964), 328 F.2d 949.) However, service on a receptionist who does not understand her duty to deliver the summons to her employer may be insufficient. (See *Gurtz Electric Co. v. Kamenir* (1973), 10 Ill.App.3d 56, 294 N.E.2d 20 (abstract opinion).) In *Abron v. Public Pontiac, Inc.* (1965), 64 Ill.App.2d 73, 212 N.E.2d 326, the court determined that whether an individual served is an agent for purposes of service is a factual question and stated at page 77:

> "Given this conflicting testimony on an issue of fact, we will not substitute ourselves for the trial judge in determining the issue because it is his proper function to judge the credibility of the witnesses."

■■ In light of the foregoing principle, we cannot say that the trial court erred in finding that Dianne Brick was not defendant's agent for the service of process. The affidavit and testimony of Dianne Brick, supported by defendant's president, indicated that she did not recognize or understand the legal import of service of process. Moreover, she stated that she was employed only to answer telephone complaints, and she denied talking to a deputy sheriff on the day in question. Additionally on that afternoon, violent illness forced her to abandon her work and if process was served on her, she did not deliver it to any officer of the corporation.

In the Supplemental Committee Comments regarding section 13.3 of the Civil Practice Act (Ill Ann. Stat., ch. 110, § 13.3 (Smith-Hurd 1975 supp.)), the Committee, while discussing the issue of whether an individual is an officer or agent of a corporation for the purposes of service, stated: "The question is one of fact, and its determination tends to be influenced by the actions taken by the recipient with respect to the summons after service is effected. See, for example, *Gurtz Elec. Co. v. Kamenir*, 10 Ill.App.3d 56, 294 N.E.2d 20 (1st Dist. Abst. Op. 1973)." In the instant case, the court's holding that Dianne Brick was not an agent of defendant for service of summons is supported by the evidence.

■■ In the present case, defendant also presented a meritorious defense to the action in its petition to vacate the judgment. Defendant recited that it was a lessee under a lease dated January 1, 1970, and expiring January 2, 1973, and that the lease was automatically renewed to January 2, 1976, by defendant executing the option provision contained therein. The petition further recited that after January 2, 1973, defendant complied with the conditions of the lease; that plaintiff accepted rent from

defendant; and that both parties operated and conformed to the provisions of the lease renewal. A copy of a lease agreement, dated January 1, 1970, was attached to the petition. The agreement allowed the defendant an option to renew for a similar term and provided that upon the exercise of the option by defendant, the lease was automatically renewed.

Plaintiff finally argues that even if service of summons was improper and defendant had a meritorious defense to the action, the doctrine of equitable estoppel requires that the judgment not be vacated.

Plaintiff maintains that upon removal of defendant's equipment, and in reliance upon its judgment of November 19, 1974, it contracted with another coin-operated laundry firm to install equipment in the area formerly leased to defendant. As a vacatur of the judgment will prejudice its position with the new lessee, plaintiff urges that equity prevents defendant from obtaining relief.

■■ The argument is without merit as the principle of equitable estoppel does not apply to the facts of this case. One claiming the benefits of the principle of equitable estoppel must have relied upon the actions or representations of the other party and must have no knowledge or convenient means of knowing the true facts. (*Levin v. Civil Service Com.* (1972), 52 Ill.2d 516, 288 N.E.2d 97.) Plaintiff has not claimed that it executed the new lease prior to receiving notice of defendant's petition to vacate the judgment. Moreover plaintiff, as well as its counsel, were notified that defendant had retained counsel and planned to defend the action in court. Despite this knowledge, plaintiff made no attempt to contact defendant or its attorney prior to entering into the new lease. Accordingly, plaintiff may not invoke the principle of equitable estoppel to prevent defendant from obtaining relief under section 72 of the Civil Practice Act.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON, P. J., and MEJDA, J., concur.