**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220194-U

Order filed May 17, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| SELECT PORTFOLIO SERVICING, INC., | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-22-0194 |
| v. | ) ) | Circuit No. 19-CH-974 |
| | ) ) | Honorable |
| RICHARD F. GATZKE, ABN AMRO MORTGAGE GROUP, INC., UNKNOWN OWNERS and NON-RECORD CLAIMANTS. | ) ) ) | Theodore J. Jarz, Judge, Presiding. |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Richard F. Gatzke, | ) | |
| Defendant-Appellant). | ) | |

JUSTICE ALBRECHT delivered the judgment of the court.
Justices McDade and Peterson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court erred by denying defendant's motion to quash service without first holding an evidentiary hearing.

¶ 2    Defendant, Richard F. Gatzke, appeals the judgment in the foreclosure action against him arguing that the effectuated substitute service was improper, and the circuit court erred in

denying his motion to quash service. He further argues that because service was improper, the court also erred in entering an order to approve the sale of the property when it did not have jurisdiction over him. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4        In May 2013, Citibank issued a loan to defendant and Delores Nisson. The parties executed a note, which was secured by a mortgage and recorded on the real property at the address 6609 Langsford Lane, Plainfield, IL 60586. The loan documents were subsequently assigned and transferred to plaintiff.

¶ 5        On July 2, 2019, plaintiff filed a complaint seeking foreclosure against defendant for the real property. After filing the complaint, plaintiff filed an affidavit signed by a process server on August 19, 2019, stating that defendant was served by substitute service at the property on July 15, 2019. The affidavit further stated that Vince Nisson, a co-resident, accepted service on defendant's behalf.

¶ 6        On February 10, 2020, plaintiff appeared in court to present motions for judgment and sale, default, and to dismiss certain party defendants. Defendant did not appear, nor did an attorney appear on his behalf. The circuit court granted plaintiff's motions.

¶ 7        On October 14, 2021, the property was sold at a judicial sale. Following the sale, plaintiff filed a motion to confirm the sale and scheduled the presentation of the motion for November 29, 2021. Plaintiff sent notice of the motion and hearing date to defendant at the property address.

¶ 8        On November 22, 2021, defendant filed his appearance through counsel and a motion to quash service. In his motion, defendant argued that the substitute service was improper because the property was not defendant's usual place of abode. It explained that Nisson withheld the property from him and that he had only just received an order of possession for it on October 31,

2021. Defendant alleged that he had been living in Florida and attached a redacted copy of his Florida driver's license as an exhibit to the motion. Also attached to the motion was an affidavit signed by defendant that stated he moved to Florida in November 2017 and had been living at the same property since January 2018. It further stated that in July 2019, when the complaint for foreclosure and affidavit of service were filed, he was not living at the property at issue. Further, he averred that the property had been "unlawfully withheld" from him since March 2017, and that he did not regain possession of the property until October 31, 2021, when Nisson was ordered to vacate.

¶ 9        The court ordered a briefing on defendant's motion, and on February 7, 2022, it entered an order denying defendant's motion. The court's order indicated that parties were represented by counsel, no witnesses were questioned, and no evidentiary hearing was held. The court then entered an order approving the report of sale on April 11, 2022. Defendant appealed.

¶ 10                                    II. ANALYSIS

¶ 11        Defendant argues that the circuit court erred by denying his motion to quash service. Specifically, he contends that substitute service must be made at a party's usual place of abode and that because he was not living at the property at the time service was attempted, the court lacked personal jurisdiction. Defendant further argues that if the court found that there was a material issue of fact between his affidavit and the return of service, it also erred by not holding an evidentiary hearing before ruling on his motion. Finally, defendant asserts that the court erred in entering the order approving the sale of the property based on the improper service.

¶ 12        It is well established that a court must have personal jurisdiction over the parties, either by personal or substitute service or by voluntary submission to the court, to enter a valid judgment. *Department of Health Care and Family Services ex rel. Sanders v. Edwards*, 2022 IL

3

App (1st) 210409, ¶ 42. The Code of Civil Procedure requires that substitute service may be effectuated by leaving a copy of the summons "at the defendant's usual place of abode, with some person of the family or a person residing there." 735 ILCS 5/2-203(a)(2) (West 2018). Strict compliance with the statute is required. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 309 (1986). Failure to properly execute substitute service deprives the court of jurisdiction, and any default judgment based on the defective service is void. *Sanders*, 2022 IL App (1st) 210409 ¶ 42. Whether substitute service has been properly effectuated is a question of fact that we review *de novo*. *United Bank of Loves Park v. Dohm*, 115 Ill. App. 3d 286, 289 (1983).

¶ 13 When substitute service is challenged by an affidavit contesting the validity of service, the return of service does not receive a presumption of validity. *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 26. We do note that in relation to matters within the personal knowledge of the officer executing service, the return is *prima facie* evidence of substitute service which may not be set aside based on an uncorroborated affidavit of the person served. *Nibco Inc. v. Johnson*, 98 Ill. 2d 166, 172 (1983). However, whether a person occupies a home as his usual place of abode is not generally a matter within the personal knowledge of the process server. *Chiaro v. Lemberis*, 28 Ill. App. 2d 164, 171-72 (1960). Where the information is not within the process server's knowledge, such as a defendant's usual place of abode, the return may be attacked by an uncorroborated affidavit signed by the defendant. *Four Lakes Management & Development Co. v. Brown*, 129 Ill. App. 3d 680, 684 (1984). Further, when the return "is challenged by affidavit, and there is no counteraffidavit to address this challenge, the return of service itself is not enough evidence; instead, the affidavit must be taken as true and the service of summons must be quashed." *MB Financial Bank, N.A.*, 2013 IL App (1st) 122077, ¶ 26.

¶ 14       Here, defendant filed an affidavit in support of his motion to quash service of summons which stated that the property where service was effectuated was not his usual place of abode, that he had been living in Florida since 2018, and that he did not regain possession of the property until October 2021. No counteraffidavits were filed. Thus, defendant's affidavit must be taken as true, and the circuit court erred in using the return service to rebut the facts provided in defendant's affidavit. By choosing to rely on the return service, the court was thus presented with contradictory evidence in the return and defendant's affidavit.

¶ 15       If a significant issue of fact is presented regarding the propriety of service, the court should hold an evidentiary hearing to resolve that issue. See *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438 ¶ 18. The record here does not reflect that an evidentiary hearing was held or that the circuit court relied on anything other than the written submissions of the parties and arguments of counsel. We therefore agree with defendant that, due to the conflicting evidence, the court was compelled to hold an evidentiary hearing instead of deciding the motion solely on the return service and affidavit alone, and we must remand this cause to the circuit court to do so. See *Thill*, 113 Ill. 2d at 312 (finding that it was necessary to remand for an evidentiary hearing on the issue of service).

¶ 16       Since the circuit court erred in denying the motion to quash without holding an evidentiary hearing, we must also find that the court erred in entering the order approving the sale of the property. As noted, the court could not determine whether defendant had been properly served without holding an evidentiary hearing; likewise, it could not determine whether it should approve the judgment and sale of the property without having found it had jurisdiction over defendant.

¶ 17                                III. CONCLUSION

¶ 18　　　　The circuit court erred in denying defendant's motion to quash service without an evidentiary hearing. Consequently, its subsequent order approving the sale must also be reversed until jurisdiction has been properly determined.

¶ 19　　　　Reversed and remanded.