2025 IL App (2d) 250111-U
No. 2-25-0111
Order filed December 18, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| STEVEN L. CASE, LISA M. CASE, and CAROUSEL ENTERPRISES, LLC, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 20-L-116 |
| ERIC E. ERICSON, | ) ) ) | Honorable Kevin T. Busch, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1　*Held*: Section 2-1401 petition challenging personal jurisdiction because of improper service was properly denied where process server's affidavit established a presumption of valid service that was not overcome with clear and satisfactory evidence.

¶ 2　*Pro se* defendant, Eric E. Ericson, appeals the denial of his petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)) to vacate a default judgment. Defendant argues that, due to a defect in the affidavit of personal service, the trial court never obtained personal jurisdiction over him in the underlying action and, therefore, the default judgment is void. We disagree and affirm.

¶ 3                                 I. BACKGROUND

¶ 4      On March 3, 2020, plaintiffs filed a four-count complaint against defendant. Plaintiffs alleged that their residential property bordered defendant's and that he posted "profane and defamatory signs" on the lot line and faced them toward plaintiffs' property. Plaintiffs also alleged stalking, harassment, and threats by defendant. Along with their complaint, plaintiffs filed a motion for a preliminary and permanent injunction prohibiting defendant from engaging in the type of conduct alleged in the complaint.

¶ 5      On March 3, 2020, a summons was issued. In the "SERVE" box, defendant was listed at a St. Charles address.

¶ 6      On March 5, 2020, the motion for injunctive relief was set for a hearing on March 17, 2020. On June 29, 2020, the hearing was continued to August 3, 2020, for "service." The continuance order noted: "If plaintiff [*sic*] has not made good faith efforts to serve defendant by next date, case may be non-suited." An alias summons was issued on July 14, 2020. In the "SERVE" box, defendant was listed at the same St. Charles address. The alias summons required defendant to appear via Zoom on August 3, 2020.

¶ 7      On July 30, 2020, process server Heidi Berna filed an affidavit of service. For "Recipient Name/Address," the affidavit listed "[defendant], Kane County Judicial Center: 37W777 IL Rte. 38, 3rd Floor, Saint Charles, IL 60175." For "Manner of Service," the affidavit stated: "Personal/Individual, Jul [*sic*] 30, 2020, 1:24 CDT." For "Documents," the affidavit listed "Alias Summons & Verified Complaint; Exhibits ***; Verified Motion for Preliminary Injunction; Exhibits; Notice of Hearing by Videoconference; Zoom Instructions." Under "Additional Comments," the affidavit stated: "Successful Attempt: Jul [*sic*] 30, 2020, 1:24 CDT at Kane

County Judicial Center [same address as above] received by [defendant].  Ethnicity: Caucasian; Gender: Male; Weight: Thin; Height: 6'; Hair: Gray."  The affidavit further provided:

"Sgt. Derrick Feiza identified [defendant] as he approached the courtroom and remained nearby during the service.  I introduced myself to [defendant] outside of Room 311 and explained I was serving him with a [s]ummons & [c]omplaint that required his Zoom appearance on Monday, August 3rd, 2020 at 9:00 AM.  [Defendant] attempted to ignore me by proceeding to the courtroom.  The door was closed and locked.  There was a [b]ailiff standing at the door.  I repeated myself as the three of us stood outside the door.  [Defendant] stated 'I don't have a Zoom hearing on Monday' and asked the [b]ailiff to open the door.  [Defendant] was advised the room was not open.  [Defendant] proceeded into the hallway and would not accept the documents.  I placed them on the ground near the doorway of Room 311 and loudly announced 'Sir you have been served.'  I immediately left the area."

The affidavit of service was signed by Berna and dated July 30, 2020.

¶ 8      On August 3, 2020, an order was entered continuing the matter to September 15, 2020, for "status on pleadings."  The order directed defendant "to file appearance and responsive pleadings by 9/1/20."

¶ 9      Also on August 3, 2020, plaintiffs' attorney filed an affidavit of service averring that, on that same day, he "served *** The Nosh Company, LLC[ ]," by mailing to defendant, at his St. Charles address, (1) the August 3, 2020, continuance order; (2) the March 3, 2020, complaint; and the (3) the March 3, 2020, motion for injunctive relief.  Plaintiffs' attorney further averred: "Although the affidavit of service establishes that defendant was properly served, I mailed these documents to him so that he could not legitimately claim that he did not have the documents."

¶ 10     On September 10, 2020, plaintiffs filed a motion for default judgment. Plaintiffs noted that defendant had not filed an appearance or any responsive pleadings.

¶ 11     On September 15, 2020, the trial court granted plaintiffs' motion for a default judgment. The court noted that defendant failed to file an appearance or any responsive pleadings despite (1) Berna's July 30, 2020, affidavit of service attesting to personal service upon defendant; (2) the court's August 3, 2020, order requiring defendant to file his appearance and responsive pleadings by September 1, 2020; and (3) plaintiffs' attorney's August 3, 2020, affidavit attesting that he sent defendant copies of the complaint, the motion for injunctive relief, and the August 3, 2020, order. Accordingly, the court held defendant in default. The court continued the matter for the entry of orders on the relief sought in the complaint.

¶ 12     On November 12, 2020, the trial court awarded plaintiffs compensatory damages and court costs totaling $105,348.25. Further, the court permanently enjoined defendant from posting signs on his property that "are visible from [p]laintiffs' property ***, and which are profane, harassing, and/or defamatory concerning [p]laintiffs or [p]laintiffs' property, and which serve no legitimate useful purpose."

¶ 13     On October 31, 2024, plaintiffs filed a citation to discover assets. In an affidavit of service filed on November 6, 2024, process server Mark Grena averred that he served the citation on defendant at his St. Charles address. Grena described defendant as: "Age: 67; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 6'2"; Hair: Brown[.]"

¶ 14     On February 20, 2025, defendant filed a *pro se* petition to vacate the default judgment. He claimed that the judgment was "void" because the trial court had not obtained personal jurisdiction over him. He explained that he was "not *** properly served with the complaint and summons according to due process of law." According to defendant, Berna's affidavit of service

did not establish personal service upon him because she did not comply with section 2-203 of the Code (735 ILCS 5/2-203 (West 2018)). First, Berna's affidavit did not estimate defendant's age as required by section 2-203(b) (*id.* § 2-203(b)). Second, Berna's physical description of defendant did not match the physical descriptions in either Grena's affidavit of service or defendant's current Illinois driver's license. Third, Berna did not comply with section 2-203(a) (*id.* § 2-203(a)) because, by her own admission, she did not leave the documents with defendant but rather left them "on the ground near the doorway of Room 311." Defendant also asserted that plaintiffs did not send him notice of the entry of the default judgment, contrary to the trial court's directive; that defendant had "[no] clue" why plaintiffs served documents on "The Nosh Company, LLC"; that plaintiffs knowingly and consistently used the wrong address to serve defendant; and that defendant did not receive any court documents when he was in jail from August 4, 2020, to November 16, 2020, during which time the default judgment was entered.

¶ 15    On March 12, 2025, plaintiffs filed a motion to dismiss defendant's section 2-1401 petition and to impose sanctions on defendant. Plaintiffs argued that (1) personal service upon defendant by leaving the papers on the courthouse floor was proper because defendant refused to take them and (2) defects in Berna's affidavit did not invalidate service because defendant never contested that he was the individual served with the papers. Plaintiffs asked for an award of costs as a sanction.

¶ 16    On March 14, 2025, the trial court held a hearing on defendant's petition. Defendant appeared *pro se*. The court began by commenting that defendant had not filed an appearance in the matter. Plaintiffs' counsel then noted that he had filed a response to the petition two days earlier and was not sure if the court had received it. Counsel was prepared to respond orally to the petition. Defendant said he had not received the response and "[did not] know if it [was] 28 days

or 30 days to respond or whatever." Defendant was "not going to say anything" until he knew "what [was] going on." The court declined to continue the matter, remarking that defendant had had 30 days to hire an attorney but did not do so. The court asked plaintiffs' counsel for argument. Counsel observed that, unlike "abode service and other alternative services," a return or affidavit of personal service has a presumption of validity that cannot be overcome except by clear and convincing evidence. Counsel noted that defendant did not contest the facts asserted in Berna's affidavit and thus the presumption of valid service stood. When the court again invited defendant to respond, he reiterated that he was "not prepared to argue it because it is a 28- or 30-day time." The court found no need for "additional argument" and denied defendant's petition for the following reasons:

> "The affidavit of service indicates that you were personally served outside of Courtroom 311 and that you were identified by the officer serving process. And you don't deny that.
>
> And your pleading is woefully insufficient in attempting to attack personal service. You attempt to avoid it by arguing what could be described as—I don't want to say technicalities because they really aren't because the service was personal. And again, you don't deny that. ***."

The court did not address the request for costs.

¶ 17 Defendant's timely notice of appeal followed.

¶ 18                                II. ANALYSIS

¶ 19 At issue in this appeal is whether the trial court properly denied defendant's section 2-1401 petition alleging that the court lacked personal jurisdiction over him in the underlying action because of improper service.

¶ 20    Section 2-1401 provides a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment older than 30 days. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986). "[A] section 2-1401 petition can present either a factual or legal challenge to a final judgment or order." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. "In a section 2-1401 petition, the primary facts 'are not those which would establish the underlying action, but rather facts which are sufficient merely to support an order vacating the judgment.' " *Statia v. Orlet*, 2023 IL App (5th) 220731, ¶ 12 (quoting *Cunningham v. Miller's General Insurance Co.*, 188 Ill. App. 3d 689, 693 (1989)); see *Walters*, 2015 IL 117783, ¶ 31 ("A proceeding under section 2-1401 constitutes an independent and separate action from the original action ***.").

¶ 21    "As a general rule, petitions brought pursuant to section 2-1401, to be legally sufficient, must be filed within two years of the order or judgment, the petitioner must allege a meritorious defense to the original action, and the petitioner must show that the petition was brought with due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). However, "[n]othing contained in [section 2-1401] affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2022). "[T]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian*, 201 Ill. 2d at 104. "Where, as here, a judgment is challenged as void due to lack of personal jurisdiction stemming from defective service of process, the section 2-1401 petition presents a purely legal challenge, which we review *de novo*." *Ebulon Financial Group, LLC v. Politanska*, 2025 IL App (1st) 240948, ¶ 26.

¶ 22    Defendant's sole argument on appeal is that plaintiffs' personal service upon him was insufficient, which deprived the trial court of personal jurisdiction and rendered the default judgment void."

¶ 23    In a civil action, "[p]ersonal jurisdiction can only be obtained by compliance with the statutory manner of service of process." *Statia*, 2023 IL App (5th) 220731, ¶ 15.  Under section 2-203(a) of the Code (735 ILCS 5/2-203(a) (West 2018)), "service of summons upon an individual defendant shall be made" by, *inter alia*, "leaving a copy of the summons with the defendant personally."  Section 2-203(b) of the Code (*id.* § 2-203(b)) requires the process server to record specific details about the person served and the place and time of service:

"(b) The officer, in his or her certificate or in a record filed and maintained in the Sheriff's office, or other person making service, in his or her affidavit or in a record filed and maintained in his or her employer's office, shall (1) identify as to sex, race, and approximate age the defendant or other person with whom the summons was left and (2) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant or other person."

¶ 24    While defendant's section 2-1401 petition raised several points, his sole argument on appeal is that Berna's affidavit of service was "defective" in that it did not identify defendant's "approximate age," per section 2-203(b).  Defendant argues that the "omission of an estimated age on the affidavit of service defeats personal service."  Defendant thus concludes that Berna failed to comply with section 2-203(b) of the Code.  We hold that the defect defendant identifies does not establish a failure of personal service.

¶ 25    Berna's affidavit related that she approached defendant in the Kane County courthouse. After a law enforcement officer positively identified defendant to Berna, she told defendant that

she was serving him with a summons and complaint. When defendant refused to take the papers, Berna placed them on the ground and told defendant to consider himself " 'served.' "

¶ 26 "[I]n the context of personal service, return of summons is *prima facie* proof of proper service." *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 24; see *In re Jafree*, 93 Ill. 2d 450, 455 (1982) ("The affidavit of service should be considered *prima facie* evidence that the process was properly served."). The return or affidavit of service "should not be set aside unless the return has been impeached by clear and satisfactory evidence." *Jafree*, 93 Ill. 2d at 455. Specifically, the return or affidavit "can be overcome only by a contradictory affidavit or personal testimony." *Clemmons v. Travelers Insurance Co.*, 88 Ill. 2d 469, 481 (1981). But "[a]n uncorroborated defendant's affidavit merely stating that he had not been personally served with summons is insufficient to overcome the presumption favoring the affidavit of service." *Paul v. Ware*, 258 Ill. App. 3d 614, 617 (1994); see *MB Financial Bank, N.A.*, 2013 IL App (1st) 122077, ¶¶ 24-25 ("Courts are required to indulge in every reasonable presumption in favor of the return, and the uncorroborated testimony of the party upon whom service is made is not enough to set aside this evidence.").

¶ 27 Defendant provided no testimony or affidavit to contradict Berna's affidavit of service; in fact, as the trial court noted, defendant never made even an *unsworn* denial that he was the individual served.

¶ 28 The omission of estimated age from Berna's affidavit did not defeat personal service. Illinois Supreme Court Rule 102(d) (eff. Jan. 1, 2018) provides: "Failure to return the summons or file proof of service does not invalidate the summons or the service thereof, if had." What this language means for *mere defects* in the affidavit of service has been addressed by our supreme court: "It follows logically [from the language of Rule 102(d)] that if a return or proof of service

is filed which fails to fully comply with the statute, such a defective return or proof of service should not invalidate the summons or the service thereof, if had." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 312 (1986). Here, Berna's affidavit, describing service upon defendant, created a presumption of valid service. Defendant produced no evidence to overcome that presumption. Thus, because service was "had" (*id.* at 312), Rule 102(d) compels us to conclude that the affidavit's defect did not invalidate service.

¶ 29    Defendant claims that "strict compliance with the statutes governing the service of process is required before a court will acquire personal jurisdiction over the person served." However, none of the cases defendant cites can reasonably be read to support such a broad proposition. *Sarkissian* affirms the "general and well-established rule *** that strict compliance with statutes governing service of process *on public entities* is required." (Emphasis added.) *Sarkissian*, 201 Ill. 2d at 109 (discussing service of process upon a municipal board of education). The present case does not concern service of process on a public entity. As for *Thill*, the supreme court states there:

> "Illinois case law has long acknowledged that the return of the officer or other authorized person making service of a summons on a defendant by delivering a copy to another person, that is, by substituted service, must show strict compliance with every requirement of the statute authorizing such substituted service, *since the same presumption of validity that attaches to a return reciting personal service does not apply to substituted service*." (Emphasis added.) *Thill*, 113 Ill. 2d at 309.

This case concerns personal service, not substituted service.

¶ 30    *C.T.A.S.S.&U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 912 (2008), purports to state "the well-established rule in Illinois that strict compliance with statutes governing service

of process is required." Similarly, *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 20, states that "strict compliance with the statutes governing the service of process is required before a court will acquire personal jurisdiction over the person served." However, both *Johnson* and *West Suburban Bank* cite only *Sarkissian* and *Thill* for these propositions—and, as seen, the supreme court makes no such broad statement in either case.

¶ 31    Because defendant produced no evidence to contest personal service but relied entirely on a defect in the affidavit of service, he failed to establish that the trial lacked personal jurisdiction. Therefore, the trial court did not err in denying his section 2-1401 petition alleging that the default judgment was void.

¶ 32                                III. CONCLUSION

¶ 33    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 34    Affirmed.