STANLEY PAUL, Plaintiff-Appellee, v. WAYNE WARE, Defendant-Appellant.

First District (3rd Division)   No. 1—92—3298

Opinion filed February 9, 1994.

Robert K. Lock, of Chicago, for appellant.

Peter V. Solber, Ltd., of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

After the trial court entered a default judgment against defendant, Wayne Ware, he filed a motion to quash service of summons, which was denied. On appeal, defendant asserts that the default judgment against him is void because the trial court had no jurisdiction over him on the basis that (1) the trial court did not hear testimony on the issue of service; (2) any alleged service on him violated section 2—202 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—202 (now 735 ILCS 5/2—202 (West 1992))) because the special process server was plaintiff's agent; and (3) he was not actually served. We affirm for the reasons that follow.

At issue is whether the appointment of plaintiff's agent as a special process server violated section 2—202(a) of the Illinois Code of Civil Procedure. Ill. Rev. Stat. 1991, ch. 110, par. 2—202(a) (now 735 ILCS 5/2—202(a) (West 1992)).

On November 29, 1990, plaintiff, Stanley Paul, leased the premises at 1615 N. Clybourn Avenue, Chicago, to defendant for the purpose of operating a restaurant and bar. On December 19, 1991, plaintiff filed a complaint in forcible entry and detainer against defendant, seeking possession of the property, $5,910.77 for rent and damages from December 1, 1991, and attorney fees.

On January 3, 1992, after the Cook County sheriff was unable to serve summons on defendant, Joel Barnett was appointed special process server. Both parties agree that Barnett was plaintiff's rental agent. He had negotiated the terms of the lease and collected rents from defendant on behalf of plaintiff.

On January 10, 1992, Barnett executed an affidavit stating that he personally served defendant. At a January 22, 1992, hearing, the trial court entered a default judgment against defendant. Based on that ruling, the trial court later entered an order granting plaintiff possession of the premises. The executed order for possession was filed with the Cook County sheriff's office for defendant's eviction from the premises.

Before the sheriff executed the order for possession, plaintiff personally entered the premises and forced defendant's employees off the premises. He changed the locks and security system to prevent defendant's reentry.

At a hearing on defendant's emergency motion to stay the court's January 22, 1992, order, defendant alleged lack of service and

plaintiff's illegal lockout. The trial court vacated the January 22, 1992, money judgment against defendant, but denied his motion to delay possession.

At a subsequent hearing, the trial court granted defendant's motion for reconsideration and found that defendant's original motion to stay did not constitute a general appearance. Defendant was given leave to file a motion to quash service of summons and plaintiff was granted leave to voluntarily dismiss the money count.

On June 29, 1992, the trial court allowed defendant to argue his *pro se* motion to quash service of summons. The trial court denied the motion, granted plaintiff possession of the property, and stayed the order for 30 days.

On July 15, 1992, defendant filed a special and limited appearance and a motion to quash service of summons with an attached affidavit, which alleged that (1) the appointment of the special process server violated section 2—202 of the Illinois Code of Civil Procedure because he was plaintiff's agent; (2) defendant was not in fact served with the summons; and (3) as a result of the failure of personal service on defendant, the trial court had no jurisdiction over him. After a hearing, the trial court denied the motion.

On appeal, defendant asserts that any judgment entered against him is void for lack of jurisdiction because service by Barnett was invalid. Defendant contends that section 2—202(a) of the Illinois Code of Civil Procedure prohibits an agent of a party to serve summons. We disagree.

Section 2—202(a) states in pertinent part:

"The court may, in its discretion upon motion, order service to be made by a private person over 18 years of age and not a party to the action." Ill. Rev. Stat. 1991, ch. 110, par. 2—202(a) (now 735 ILCS 5/2—202(a) (West 1992)).

Defendant relies on *People ex rel. Lafferty v. Feicke* (1911), 252 Ill. 414, 96 N.E. 1052, and *Gocheff v. Breeding* (1977), 53 Ill. App. 3d 608, 609, 368 N.E.2d 982, to support his position that it is against public policy for an agent to serve process for his principal.

The Illinois Supreme Court has rejected that argument in *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 481, 430 N.E.2d 1104, where the court held that the plaintiff's attorney was a proper process server because he was a private person over 18 years of age, appointed by the court, and not a party to the action. The court rejected the defendant's argument that the court lacked jurisdiction because the plaintiff's lawyer was not a disinterested party. (*Clemmons*, 88 Ill. 2d at 481.) Instead, the court explained that the defendant's argument was based on a line of cases, including *Lafferty*, that was decided before the Civil Practice Act was enacted.

In *Clemmons*, the court stated:

"Travelers argues that the return should have been given no credence because it was made by Clemmons' attorney. Thus, with nothing in the record to show service, the court would have been without jurisdiction to enter the default judgment. Travelers' theory is that an attorney is not a 'disinterested person' and so is ineligible to serve process. The formulation comes from a line of cases decided before the Civil Practice Act. (*People ex rel. Lafferty v. Feicke* (1911), 252 Ill. 414, 417; *Tallon v. Schempf* (1873), 67 Ill. 472, 473.) That act requires only that a private process server be 18, be appointed by the court and not be a party to the action. (Ill. Rev. Stat. 1979, ch. 110, par. 13.1(1).) The attorney here satisfied those requirements and so his service was acceptable." *Clemmons*, 88 Ill. 2d at 481.

Similarly, the Illinois Supreme Court decided in *In re Jafree* (1982), 93 Ill. 2d 450, 456, 444 N.E.2d 143, which involved disciplinary proceedings and the disbarment of an attorney, that an agent of the administrator of the Attorney Registration and Disciplinary Commission was a proper process server. Since the process server was not a party to the proceedings, the court ruled that the service complied with the court's rule. *Jafree*, 93 Ill. 2d at 456.

■ In accordance with the current statute, which provides that a special process server can be anyone except a party to the proceedings, and the Illinois Supreme Court, which has held that a special process server can be the attorney or agent of one of the parties, we find that Barnett was a proper special process server.

Next, defendant asserts that Barnett did not actually serve him with summons and the trial court could not decide the matter of service based only on affidavits and the arguments of the attorneys. Defendant maintains that the ultimate decision must be based on oral testimony presented by the parties in a court hearing. Since no such hearing was held in this case, defendant concludes that the trial court's actions were improper. We disagree.

■ In Illinois, the affidavit of service is *prima facie* evidence that process was properly served. (*In re Jafree*, 93 Ill. 2d at 455.) To attack the underlying default judgment on the grounds that the court never obtained personal jurisdiction over the defendant, evidence must be presented to impeach the affidavit of service. (*Clemmons*, 88 Ill. 2d at 480.) An uncorroborated defendant's affidavit merely stating that he had not been personally served with summons is insufficient to overcome the presumption favoring the affidavit of service. (*Marin v. Grimm* (1976), 37 Ill. App. 3d 979, 981-82, 347 N.E.2d 418; *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 575, 305

N.E.2d 25.) The default judgment will not be set aside unless the return of service is impeached by clear and convincing evidence. *Mitchell v. Tatum* (1982), 104 Ill. App. 3d 986, 988, 433 N.E.2d 978.

Defendant failed to impeach Barnett's affidavit of service by clear and convincing evidence. He merely stated in his affidavit that he was not served with summons. He did not present any supporting documentation or other corroborating evidence. Therefore, we hold that defendant was properly served.

Based on the foregoing, the circuit court's judgment is affirmed.

Affirmed.

TULLY, P.J., and GREIMAN, J., concur.