NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180793-U

NO. 4-18-0793

IN THE APPELLATE COURT

FILED
October 21, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| SHERYLE L. HENRY and PRO-CON SERVICE, INC., | ) | No. 17CH213 |
| Defendants | ) | |
| (Sheryle L. Henry, | ) | Honorable |
| Defendant-Appellant). | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding (1) the appointment of a special process server did not invalidate the plaintiff's prior service of process, (2) the circuit court properly denied the defendant's motion to quash service, and (3) the defendant was not deprived of the opportunity to testify and present witnesses at the combined motion to quash and motion to dismiss hearing.

¶ 2    Defendant, Sheryle L. Henry, appeals from the Sangamon County circuit court's default judgment of foreclosure of a residential mortgage and its subsequent denial of her motions to quash service of process and to dismiss the proceedings. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    In June 2017, plaintiff, Ocwen Loan Servicing, LLC, filed a complaint (1) to foreclose a residential mortgage for a property located at 1320 Cherry Road in Springfield, Illinois, against defendants Sheryle L. Henry and Pro-Con Service, Inc. and (2) for reformation of the

vesting deed. (We note that Pro-Con Service, Inc., is not a party to the instant appeal, and we will therefore refer to Sheryle Henry as defendant.) On July 3, 2017, the circuit court entered a written order allowing plaintiff's motion to appoint a special process server from Firefly Legal IL, Inc. (Firefly) pursuant to section 2-202(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-202(f) (West 2016)).

¶ 5    On July 21, 2017, Kevin Ayres, an employee of Firefly, filed an affidavit averring that on June 30, 2017, he personally served defendant at 1320 Cherry Road in Springfield, Illinois. Ayres provided the following description of the person with whom the copy of the summons and complaint were left: "*Age:* 60 *Gender:* Female *Race:* Caucasian *Height:* 5-6 *Weight:* 126-150 *Hair:* Blonde *Glasses:* No." Ayres also averred the following under a heading titled "Additional Comments":

> "This is the defendant's usual place of abode. I served process papers personally to Sheryle Henry at her residence. I arrived at the residence and observed Sheryle at the residence. I drove past the residence and parked a couple of houses down the street. I walked back to the residence and made contact with Sheryle. I confirmed the female to be Sheryle and when I pulled the papers from behind me she immediately started to go inside the residence. I explained why I was there but she would not speak to me. I started to hand the papers to Sheryle as she was entering the residence through the side door but fell on the ground. I advised Sheryle she was served just prior to her shutting the door. I left the papers on the porch by the side door under the carport."

¶ 6    In December 2017, plaintiff filed a motion for an entry of default, alleging defendant failed to respond to the complaint and plaintiff was therefore entitled to a judgment of

foreclosure and sale. In January 2018, the court granted plaintiff's motion and entered (1) an order of default, (2) a judgment of foreclosure and sale, and (3) an order reforming the vesting deed to correct the legal description of the property. On July 19, 2019, the Sangamon County sheriff's department filed a sheriff's report of sale and distribution, stating that the property at issue had been purchased at auction by plaintiff. On September 6, 2018, plaintiff filed a motion for an order approving the report of sale and distribution.

¶ 7 On September 20, 2018, defendant filed a combined motion to quash service of process and to dismiss the proceedings. In the motion, defendant alleged the service of process was insufficient because she was not, in fact, personally served as stated in Ayres's affidavit and therefore the circuit court lacked personal jurisdiction over her in all further proceedings. Attached to the motion was defendant's affidavit, in which she averred that (1) she was not personally served with a copy of the summons or any other documents on June 30, 2017, (2) she never spoke to Ayres, and (3) her hair was not blonde on June 30, 2017.

¶ 8 On September 21, 2018, the court held a hearing on defendant's combined motion to quash service and to dismiss the proceedings. The record contains no report of proceedings or bystander's report from the hearing. We also note that initially, there was no entry provided on the docket sheet for this date. However, following a hearing on October 17, 2018, the circuit court directed the clerk to insert the following entry for the date of September 21, 2018:

> "Defendant appears in person and by her attorney Mr. Cahnman. Plaintiff
> present by counsel. Mr. Cahnman requests to proceed with his motions. Counsel
> for Plaintiff indicated that if we were going to proceed, that they would ask for a
> continuance. Court states [its] preference to proceed with the hearing on Mr.
> Cahnman's Combined Motion to Quash Service of Process and Motion to Dismiss

- 3 -

Entire Proceedings. Parties agree to proceed to hearing on Defendant's Combined Motion to Quash Service of Process and Motion to Dismiss Entire Proceedings.

Mr. Cahnman was allowed to proceed on his motions. The question of whether or not witnesses may be called to testify is asked by Defendant and the parties agreed that they would proceed on the motions and the affidavits that were attached to Defendant's Motions and not call witnesses."

Following the hearing, the court entered a written order approving the sheriff's report of sale and distribution and confirming the sale and eviction order.

¶ 9        On October 11, 2018, defendant filed a motion to reconsider, alleging that the court erred by denying the motion to quash service of process because it denied defendant the opportunity to call any witnesses or present her own testimony regarding her claim she was never personally served with process. Defendant attached to the motion an affidavit from John Gregorich, who averred that before and after June 30, 2017, he saw defendant one or more times per week, and that during that time defendant had "virtually no hair," and what little hair she had was "greyish white." Defendant also attached her own affidavit, averring that on June 30, 2017, she had very little, grey hair. Defendant averred she suffers from alopecia (*i.e.* hair loss) due to hypothyroidism and the use of Wen brand hair products, and attached records indicating her health condition and that she received a small settlement in a class action lawsuit against Wen. Defendant further averred that on June 30, 2017, she was prescribed clonazepam, which causes drowsiness and prevents her from waking up earlier than 9 a.m., and therefore she could not have been awake at 8:37 a.m. as alleged by Kevin Ayres in his affidavit. Defendant also averred that her daughter, Yvonne, had been staying with her at 1320 Cherry Road from June 27 to July 2, 2017, and matched

the description provided by Ayres. Finally, defendant again averred she did not have any encounter with Ayres on June 30, 2017.

¶ 10 The circuit court held a hearing on October 17, 2018. At the beginning of the hearing, the court stated the following:

"I want to clarify something, because what happened was, on September 21st of 2018, at the chancery call, on a matter that had already been set before the Court on this case, Mr. Cahnman had filed a Combined Motion to Quash Service of Process and Motion to Dismiss Entire Proceedings, and he had filed that on September 20th at 12:51 a.m., so literally the day before, not even 24-hour notice, and attached to that was an affidavit of [defendant] and some other documentation indicating a Notice of Hearing.

Mr. Cahnman and his client appeared. Plaintiff was present, not by the attorney here today, but by someone else, I believe, representing Plaintiff, and at that time, Mr. Cahnman wished to proceed with his motions. Counsel for Plaintiff indicated that if we were going to proceed, that they would ask for a continuance. I indicated to both parties that it was my preference to proceed with the hearing on Mr. Cahnman's Combined Motion to Quash Service of Process and Motion to Dismiss Entire Proceedings, and that's what we did. We proceeded on that.

Mr. Cahnman was allowed to proceed on his motions. The question of whether or not witnesses would be allowed to be called, I indicated that was fine. However, I remember asking, is it going to be anything different than what is contained in the affidavits that were attached to his motions, which he indicated it

was not, and then the parties agreed that they would proceed on the motions and the affidavits that were attached.

Arguments were presented, and the Court made a decision at that time denying Mr. Cahnman's Combined Motion to Quash Service of Process and Motion to Dismiss Entire Proceedings.

Then—hold on just one second. Then what happened was the Order Approving Report of Sale and Distribution was entered. Unfortunately, on the docket, the docket reflects on September 21, 2018, that only the Order Approving Report of Sale and Distribution was signed by Judge Giganti. It did not reflect everything else that I just stated, but all of those things did take place, and Mr. Cahnman's Combined Motion to Quash Service of Process and Motion to Dismiss Entire Proceedings was, in fact, denied at that time."

The following colloquy then occurred:

"MR. CAHNMAN: Okay. As far as what happened on—my recollection of what happened on the 21st was I did have a number of witnesses. The only affidavit attached to the motion was from Sheryle Henry. I had additional witnesses who would have presented additional testimony.

THE COURT: And you chose not to call them. I gave you that opportunity. You chose not to call them. You proceeded on your motion, the affidavit and argument."

¶ 11    In order to give plaintiff the opportunity to respond to defendant's motion to reconsider, the hearing was continued to October 30, 2018. Following the hearing, the court denied defendant's motion to reconsider.

¶ 12        This appeal followed.

¶ 13                        II. ANALYSIS

¶ 14        On appeal, defendant argues the circuit court erred by denying defendant's motion to quash service of process and dismiss entire proceedings. Specifically, defendant argues (1) the service of process was invalid because it occurred prior to the appointment of the special process server, (2) defendant impeached the process server's affidavit and the process server's affidavit was insufficient on its face, and (3) the court failed to hold an evidentiary hearing with an opportunity to present witnesses. We disagree and affirm.

¶ 15                A. Appointment of Special Process Server

¶ 16        Defendant first argues that service in this case was invalid because Ayres's affidavit indicated service was accomplished on June 30, 2017, prior to the entry of the July 3, 2017, order appointing Firefly as the special process server. We agree with plaintiff that defendant forfeited this argument by failing to raise it before the trial court in her motion to quash service and in her post-judgment motion to reconsider. *In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 40, 128 N.E.3d 1105 ("Issues not raised in the trial court are forfeited and may not be raised on appeal.").

¶ 17        Even if we excused defendant's forfeiture, her argument is nonetheless meritless because the appointment of a special process server was not required in this case. "Section 2-202 of the Code requires that private detectives serving process in Cook County be appointed by the trial court." *C.T.A.S.S. & U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 913, 891 N.E.2d 558, 561 (2008) (citing 735 ILCS 5/2-202 (West 2002)). Accordingly, in Cook County, a court lacks personal jurisdiction over a defendant if the special process server serves process prior to being appointed to do so. See *id.* at 913. In contrast, "In counties with a population of less than

- 7 -

2,000,000, process may be served, without special appointment, by a person who is licensed or registered as a private detective *** or by a registered employee of a private detective agency ***." 735 ILCS 5/2-202(a) (West 2016). The issue of whether personal jurisdiction was conferred is a question of law reviewed *de novo*. *Johnson*, 383 Ill. App. 3d at 910.

¶ 18    Here, the parties do not dispute Ayres's affidavit stated he accomplished service of process in Sangamon County and that Sangamon County has a population of less than 2,000,000. Neither does defendant dispute Ayres was an agent of a licensed private detective agency. It appears that plaintiff merely requested the appointment of Ayres as a special process server because plaintiff intended to serve Pro-Con Service, Inc., who was named as a defendant in this case, in Cook County. Plaintiff was not required to seek the appointment of a special process server in order to properly serve defendant, and defendant's claim of error fails as a matter of law.

¶ 19    B. Sufficiency and Impeachment of Affidavit of Service

¶ 20    Defendant next argues the trial court erred by denying her motion to dismiss based on lack of service because (1) Ayres's affidavit was insufficient on its face and (2) she impeached Ayres's affidavit with clear and convincing evidence.

¶ 21    1. *General Principles*

¶ 22    In *Paul v. Ware*, 258 Ill. App. 3d 614, 617, 630 N.E.2d 955, 958 (1994), the appellate court stated the following:

> "In Illinois, the affidavit of service is *prima facie* evidence that process was properly served. [Citation.] To attack the underlying default judgment on the grounds that the court never obtained personal jurisdiction over the defendant, evidence must be presented to impeach the affidavit of service. [Citation.] An uncorroborated defendant's affidavit merely stating that he had not been personally

served with summons is insufficient to overcome the presumption favoring the affidavit of service. [Citations.] The default judgment will not be set aside unless the return of service is impeached by clear and convincing evidence. [Citation.]"

¶ 23                            2. *Sufficiency of Ayres's Affidavit of Service*

¶ 24        Defendant asserts Ayres's affidavit was insufficient on its face—and therefore this court should not presume process was properly served—because Ayres admitted he did not leave a copy of the summons with defendant personally, but rather left the papers on the porch.

¶ 25        Illinois is "among the states accepting the 'general method' of placing the [summons] papers 'in the general vicinity of the person to be served and announcing the nature of the papers.' " *Freund Equipment, Inc. v. Fox*, 301 Ill. App. 3d 163, 168, 703 N.E.2d 542, 546 (1998) (quoting *Currier v. Baldridge*, 914 F.2d 993, 995 (7th Cir. 1990)). For instance, in *Hatmaker v. Hatmaker*, 337 Ill. App. 175, 181-82, 85 N.E.2d 345, 347-48 (1949), the court found service was effective where the defendant refused to open the door to his hotel room and the sheriff then identified himself, announced he had summonses for the defendant, and slid the papers under the door. See also *In re Jafree*, 93 Ill. 2d 450, 455, 444 N.E.2d 143, 146 (1982) (holding service was sufficient where respondent refused to accept the summons papers and the investigator placed them on respondent's shoulder).

¶ 26        Here, the fact that the process server's affidavit stated he left the papers on the defendant's porch rather than with her person does not render the affidavit insufficient on its face. Much like in *Hatmaker* and *Jafree*, Ayres was faced with a defendant who clearly did not wish to be served and attempted to evade his attempt to do so by refusing to speak with him. Ayres's affidavit stated that he identified the woman to be served as defendant, identified himself to defendant, stated the nature of the papers, and advised defendant she had been served prior to her

entering the house and shutting the door behind her. We conclude Ayres's affidavit stating he left the papers on the porch as defendant entered her house clearly constitutes leaving the papers in the "general vicinity" of the defendant—an acceptable method of personal service in Illinois. See *Fox*, 301 Ill. App. 3d at 168. Accordingly, the affidavit of service constituted *prima facie* evidence that process was properly served.

¶ 27                                3. *Impeachment of Ayres's Affidavit*

¶ 28        Defendant additionally argues that she provided clear and convincing evidence to impeach the presumption of service. Specifically, defendant argues she provided clear and convincing evidence that, at the time Ayres allegedly served her, (1) her hair was not blonde, (2) she was almost bald, and (3) she was not and could not have been awake.

¶ 29        As stated *supra*, this court will not set aside a default judgment on the grounds the trial court never obtained personal jurisdiction over the defendant unless the affidavit of service is impeached by clear and convincing evidence. *Ware*, 258 Ill. App. 3d at 617. Clear and convincing evidence requires more than a defendant's bare, uncorroborated assertion that he was never personally served. See *id.* For instance, in *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 25, 990 N.E.2d 764, the defendant argued he was never personally served because the return of service stated defendant was a woman—even though the defendant was, in fact, a man. Despite this discrepancy, the First District held defendant failed to overcome the presumption in favor of service because "his evidence consisted of nothing else but his flat denial that [the] plaintiff *** served him." *Id.* Similarly, the defendant in *Fox*, 301 Ill. App. 3d at 165-66, argued he overcame the presumption in favor of service when he testified he left for work prior to the process server's stated time of arrival, which was corroborated with testimony from his neighbor. The trial court found the defendant failed to overcome the presumption in favor of

- 10 -

service because his and his neighbor's testimony contained several inconsistencies—where the process server's did not—and the defendant failed to present evidence corroborating his work schedule. *Id.* at 166-67.

¶ 30　　　　Here, defendant failed to overcome the presumption in favor of service because her affidavit did not constitute clear and convincing evidence that she was not personally served. Defendant's affidavit in support of her motion to quash service stated (1) she was not personally served with a copy of the summons or any other documents on June 30, 2017, (2) she never spoke to Ayres, and (3) her hair was not blonde on June 30, 2017. Just as in *Fox* and *Ted & Paul, LLC*, defendant's bare, uncorroborated assertion that she was never served is not clear and convincing evidence sufficient to overcome the presumption in favor of service. Additionally, we are perplexed by defendant's circular argument that she "corroborated" her claim she was never served by filing her own affidavit stating she was never served. Defendant seems to misunderstand the meaning of corroboration. The only potentially corroborating evidence defendant provided was not presented to the circuit court until she filed her motion to reconsider, to which she attached Gregorich's affidavit stating she did not have blonde hair at the time she was allegedly served and that she was never awake before 9 a.m. Notwithstanding Gregorich's affidavit, the circuit court had the opportunity to observe defendant in open court, and this court will not substitute its judgment for the trial judge regarding the determination of whether defendant's appearance in court adequately corroborated her claim regarding her lack of service. See *Winning Moves, Inc. v. Hi! Baby, Inc.*, 238 Ill. App. 3d 834, 838-39, 605 N.E.2d 1026, 1030 (1992) (holding the trial court was in the best position to determine whether discrepancies in the process server's affidavits describing the person served and the defendant's appearance in court adequately corroborated the

- 11 -

defendant's claim regarding her lack of service). Accordingly, defendant has failed to show the circuit court lacked jurisdiction to enter the default judgment against her based on lack of service.

¶ 31                                  C. Failure to Hold an Evidentiary Hearing

¶ 32          Defendant next argues the circuit court erred by failing to conduct an evidentiary hearing with the opportunity to present witnesses prior to denying her motion to quash service.

¶ 33          Defendant's claim is belied by the record. It is well established that "[a] party cannot invite an error by the trial court and then use it as a basis for appeal." *Direct Auto Insurance Company v. Bahena*, 2019 IL App (1st) 172928, ¶ 36, 131 N.E.3d 1094. In other words, "a party cannot acquiesce to the manner in which the trial court proceeds and later claim on appeal that the trial court's actions constituted error." *Id.* At the hearing on October 17, 2018, the circuit court stated the following regarding what occurred at the combined motion to quash and motion to dismiss hearing:

> "The question of whether or not [defendant's] witnesses would be allowed to be called, I indicated that was fine. However, I remember asking, is it going to be anything different than what is contained in the affidavits that were attached to [defense counsel's] motions, which [defense counsel] indicated it was not, and then the parties agreed that they would proceed on the motions and the affidavits that were attached."

After defense counsel pressed the court on the issue, the court stated, "[Y]ou chose not to call [your witnesses]. I gave you that opportunity. You chose not to call them. You proceeded on your motion, the affidavit and argument." The court specifically provided defendant with the opportunity to present testimony from her witnesses and she ultimately chose not to do so. She cannot now claim on appeal that the court's actions—to which she acquiesced—constitute error.

¶ 34    Despite the circuit court's unambiguous statement regarding what occurred at the combined motion to quash and motion to dismiss hearing, defendant nonetheless asserts that the record reflects a "lack of clarity" on this issue due to the lack of a transcript or bystander's report memorializing the proceedings on that date. The Illinois Supreme Court "has long held that in order to support a claim of error on appeal the appellant has the burden to present a sufficiently complete record." *Webster v. Hartman*, 195 Ill. 2d 426, 432, 749 N.E.2d 958, 962 (2001). If the issue on appeal "relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Id.* In the absence of such a record, the reviewing court will presume the trial court's order conformed to the law and had a sufficient factual basis. *Id.* at 962. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (1984). It was defendant's burden to produce a sufficiently complete record and she has failed to provide one to support her claim. Accordingly, the issue defendant raises regarding her right to present witnesses is not subject to review, and we will presume the circuit court's subsequent rendition of what occurred during that proceeding had a sufficient factual basis.

¶ 35    Finally, we decline defendant's request to announce a new rule holding that the defendant in a mortgage foreclosure proceeding must affirmatively demonstrate a knowing and voluntary waiver of the right to testify on the record. Defendant concedes that no such requirement currently exists under Illinois law, but nevertheless contends it applies in the criminal context and urges us to extend the rule in the present case. Defendant's reasoning is unsound. While defendant is correct that criminal defendants have a right to testify in their own defense and they may waive that right, there is no requirement that the defendant must make such a waiver on the record. See *People v. Smith*, 176 Ill. 2d 217, 234, 680 N.E.2d 291, 302 (1997) ("[A] trial court has no duty to

- 13 -

advise a defendant, represented by counsel, of his right to testify, nor is the court required to ensure that an on-the-record waiver has occurred."). Defendant offers no other compelling reason this court should announce such a rule, and we decline to do so.

¶ 36                                    III. CONCLUSION

¶ 37         For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Apr. 1, 2018), we affirm the trial court's judgment.

¶ 38         Affirmed.