2023 IL App (1st) 221204-U

Nos. 1-22-1204, 1-22-1205, 1-22-1206 (cons.)

Order filed June 28, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| GSUPB RECOVERY FUND, LLC, as assignee of Urban Partnership Bank, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 12 CH 6944, 12 CH 22049, 13 CH 25354 |
| SCOTT ROSENZWEIG, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Fredrenna M. Lyle, Judge, presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*: In case numbers 12 CH 6944 (1-22-1206) and 13 CH 25354 (1-22-1204), we reverse the circuit court's denial of defendant's section 2-1401 petitions to vacate judgments against him because the summonses in those cases did not identify him as a defendant, so the circuit court never obtained personal jurisdiction over him. We vacate the void judgments against defendant and remand those matters. In case number 12 CH 22049 (1-22-1205), we affirm the circuit court's denial of defendant's section 2-1401 petition because defendant did not rebut a special process server's affidavit supporting a presumption of proper service.

¶ 2    Urban Partnership Bank filed three separate foreclosure actions pertaining to three properties in Chicago. Scott Rosenzweig was named as one of several defendants in all three foreclosure actions and default judgments were entered against him. He appeals from the circuit court's denial of his section 2-1401 petitions for relief from judgment in all three cases, which argued that the circuit court did not have personal jurisdiction over him because he was not properly served. For the following reasons, we reverse, vacate the judgments against Rosenzweig, and remand in case numbers 12 CH 6944 and 13 CH 25354, but affirm in case number 12 CH 22049.[1]

¶ 3                              I. BACKGROUND

¶ 4                    A. The Underlying Foreclosure Actions

¶ 5    This appeal arises out of three foreclosure and breach of contract actions pertaining to three properties in Chicago, which Urban Partnership Bank filed in 2012 and 2013.[2] Case number 12 CH 6944 sought foreclosure of 11033 South Michigan Avenue, case number 12 CH 22049 sought foreclosure of 958 West 79th Street, and case number 13 CH 25354 sought foreclosure of 2545 East 79th Street. In all three complaints, Rosenzweig was named as one of several defendants.

¶ 6    The record contains summonses that were issued in case number 12 CH 6944. The caption of the summons names "11033 South Michigan Avenue Building, LLC, et al." as the

---

[1] For clarity, we will refer to these three cases by their circuit court case numbers rather than their appellate court case numbers. The appellate court case numbers are sequential, but in reverse chronological order, *i.e.*, the latest-filed appellate court case relates to the earliest-filed circuit court case, which is potentially confusing.

[2] We will refer to Urban Partnership Bank and its assignee, GSUPB Recovery Fund, LLC, collectively as "plaintiff." In addition, we will refer to Rosenzweig by his name instead of "defendant" to avoid confusion with the other defendants in these foreclosure actions.

defendant. Immediately below the caption are the words "To each defendant:" followed by blank space. There is also a one-page document titled "SERVICE LIST." The record contains two versions of this service list. One version identifies Rosenzweig as the registered agent of "11033 South Michigan Avenue Building, LLC," and the other version lists only Rosenzweig himself. A special process server's affidavit states that "Scott Rosenwzeig [*sic*], RA" was personally served on March 25, 2012.

¶ 7    The record contains no summonses in case number 12 CH 22049. A special process server's affidavit attests that Rosenzweig was personally served in Skokie at 8:06 p.m. on June 20, 2012, and that Rosenzweig is a white male approximately 45 years of age.

¶ 8    The record contains summonses in case number 13 CH 25354. The caption of the summons names "Chicago Title Land Trust Company, et al." as the defendant. Underneath the caption, blank space follows the "To each defendant:" line. A service list names "Chicago Title Land Trust Co." and four individuals, one of whom is Rosenzweig. A special process server's affidavit claims that Rosenzweig was served by leaving a copy of the summons and complaint with his 13-year-old son on November 20, 2013, and by mailing a copy to Rosenzweig on November 21, 2013.

¶ 9    Rosenzweig did not appear in any of these cases and the circuit court entered default judgments against him in all three cases. All three properties were sold at judicial sale. In April 2015, the court entered deficiency judgments against Rosenzweig and the other named defendants in the amounts of $338,331.34, $195,808.22, and $289,165.98, respectively. In October and November 2021, plaintiff filed motions to revive all three judgments against Rosenzweig. The record indicates that the circuit court revived at least one of the judgments

against Rosenzweig, the judgment in case number 12 CH 22049, on October 27, 2021. Rosenzweig filed his appearance on November 4, 2021.

¶ 10                                    B. Section 2-1401 Proceedings

¶ 11    In November and December 2021, Rosenzweig filed petitions for relief from the judgments in all three cases pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). In case numbers 12 CH 6944 and 13 CH 25354, Rosenzweig argued that the circuit court lacked personal jurisdiction over him because the summonses did not include his name on their faces. In case number 12 CH 22049, Rosenzweig contended that the circuit court never obtained jurisdiction over him because the court did not approve the use of a special process server, there were "no summonses whatsoever in the court file," and he was not actually served. Attached to the section 2-1401 petitions are Rosenzweig's affidavits stating that he "was never served with a summons directed at [him] in" any of the three cases.

¶ 12    Plaintiff filed "responses" to each of Rosenzweig's section 2-1401 petitions.[3] In case numbers 12 CH 6944 and 13 CH 25354, plaintiff argued that the summonses were valid because Rosenzweig's name appeared on the attached service lists, which were "incorporated into and part of summons[es]." Plaintiff contended that section 2-201(c) of the Code of Civil Procedure (735 ILCS 5/2-201(c) (West 2020)) excused any technical defects in the summonses served upon Rosenzweig. In case number 12 CH 22049, plaintiff argued that it obtained a standing order

---

[3] Plaintiff should not have filed "responses" to Rosenzweig's section 2-1401 petitions, nor should Rosenzweig have filed replies. A section 2-1401 petition is "procedurally the counterpart of a complaint and subject to all the rules of civil procedure that that character implies." *Balzyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 207 (2010). It initiates a new proceeding and is not a continuation of the old one. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002). Plaintiff should have filed answers to Rosenzweig's section 2-1401 petitions or moved to dismiss them pursuant to sections 2-615 or 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2020)). *Studentowicz v. Queen's Park Oval Asset Holding Trust*, 2019 IL App (1st) 181182, ¶ 9.

authorizing the use of a special process server in all foreclosure cases that its attorneys were handling between May 1, 2012, and July 31, 2012, and that Rosenzweig was served during that period, on June 20, 2012. Plaintiff also contended that the doctrine of *laches* barred Rosenzweig's challenges to service because he filed his section 2-1401 petitions more than nine years after he was served and more than six years after default judgments were entered.

¶ 13     The circuit court denied Rosenzweig's section 2-1401 petitions. In all three cases, the court found that plaintiff's "failure to refer to the service list on the summonses [was] a technical defect that [did] not warrant or justify granting [Rosenzweig's] petition."

¶ 14     Rosenzweig timely appealed.

¶ 15                                    II. ANALYSIS

¶ 16     On appeal, Rosenzweig argues that the circuit court lacked personal jurisdiction over him in all three cases because he was not validly served with process in any of those cases. He contends that the circuit court should have granted his section 2-1401 petitions and vacated all judgments against him as void due to lack of jurisdiction.

¶ 17     Section 2-1401 allows a party to seek relief from a final judgment more than 30 days after judgment has been entered. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986); 735 ILCS 5/2-1401(a) (West 2020). Relevant here, section 2-1401 permits a litigant to challenge a judgment by asserting that it is void for lack of proper service. *Sarkissian*, 201 Ill. 2d at 104. In general, "the petition must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Warren County Soil and Water Conservation District v. Walters*, 2015

IL 117783, ¶ 37. However, the due diligence requirement does not apply when the petitioner contends that the judgment against him is void, as Rosenzweig does in this case. See *Sarkissian*, 201 Ill. 2d at 104 ("Petitions brought on voidness grounds need not be brought within the two-year time limitation [and they] negate[ ] the need to allege a meritorious defense and due diligence."). The "quantum of proof necessary to sustain a section 2-1401 petition is a preponderance of the evidence." *Walters*, 2015 IL 117783, ¶ 37.

¶ 18    Rosenzweig contends that the money judgments against him in the underlying foreclosure cases are void for lack of jurisdiction. Jurisdiction consists of two elements: subject matter jurisdiction and personal jurisdiction. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). A court can enter a valid judgment only if it has subject matter jurisdiction to hear the type of claim alleged and personal jurisdiction over the parties. *Id.* Personal jurisdiction may be established by service of a valid summons upon a defendant. *Id.* at 426. A "judgment entered without proper service of process is void even if the party against whom a judgment is entered had notice of the proceedings." *White v. Ratcliffe*, 285 Ill. App. 3d 758, 763-64 (1996); see also *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12 (a foreclosure judgment entered without service of process is void).

¶ 19    Long-standing Illinois authority holds that a summons that "does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of Illinois Automobile Club*, 367 Ill. 44, 56 (1937). To this end, section 2-201 of the Code of Civil Procedure provides that "[t]he form and substance of the summons *** shall be according to rules," 735 ILCS 5/2-201(a) (West 2012). Supreme Court Rule 101(a) requires that summonses "shall be directed to each

defendant." Ill. S. Ct. R. 101(a) (eff. May 30, 2008).[4] Supreme Court Rule 101(d) provides a sample form of summons and states that summonses shall be "substantially" in that form, including a caption "naming all defendants." Ill. S. Ct. R. 101(d) (eff. May 30, 2008). Supreme Court Rule 131(c) provides that, in cases involving multiple parties, "it is sufficient in entitling documents, *except a summons*, to name the first-named plaintiff and the first-named defendant with the usual indication of other parties." (Emphasis added.) Ill. S. Ct. R. 131(c) (eff. Nov. 15, 1992). "The procedures for issuance of summons set forth in section 2-201(a) and the Supreme Court Rules must be adhered to in order to give the court personal jurisdiction over a defendant." *Schorsch v. Fireside Chrysler-Plymouth Mazda, Inc.*, 172 Ill. App. 3d 993, 1001 (1988).

¶ 20    In 2018, the General Assembly amended section 2-201 by adding subsection (c), which provides that:

> "(c) A court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is identified as a defendant on the summons, and the summons is properly served. This subsection is declarative of existing law." 735 ILCS 5/2-201(c) (West 2018).

This amendment to section 2-201 was largely in response to *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, which held that including a defendant's name in a service list attached to a summons did not confer personal jurisdiction over that defendant. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 16; *Lisle Savings Bank v. Tripp*, 2021 IL App (2d) 200019, ¶ 17 (discussing the history of section 2-201(c)). Following this amendment, the Second

---

[4] We cite the versions of the Supreme Court Rules that were in effect when plaintiff allegedly served Rosenzweig in 2012 and 2013 because they govern the validity of service analysis. See *Studentowicz*, 2019 IL App (1st) 181182, ¶ 18.

District held that, even if a defendant is not named in the caption of a summons, it is sufficient if the face of the summons says, "To each Defendant: see attached service list" and the summons includes a service list with the defendant's name on it. *Tripp*, 2021 IL App (2d) 200019, ¶ 25.

¶ 21    However, a *post hoc* change in the law "cannot retroactively validate a summons that was invalid when it was served." *Studentowicz*, 2019 IL App (1st) 181182, ¶ 18. Either Rosenzweig was validly served in 2012 and 2013, and personal jurisdiction attached at that point, or he was not validly served, and personal jurisdiction did not attach. See *id.* The issues of whether service was valid and whether the circuit court had personal jurisdiction over Rosenzweig are legal questions, so our review is *de novo*. See *id.* ¶ 12 (whether a summons was validly directed to a defendant is a legal question subject to *de novo* review); *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17 (personal jurisdiction is reviewed *de novo*). *De novo* review means that we perform the same analysis as the circuit court. *JPMorgan Chase Bank, National Ass'n v. Ivanov*, 2014 IL App (1st) 133553, ¶ 45.

¶ 22                              A. Case Numbers 12 CH 6944 and 13 CH 25354

¶ 23    In case numbers 12 CH 6944 and 13 CH 25354, plaintiff used the form mortgage foreclosure summons provided by the Clerk of the circuit court of Cook County, which consists of five pages. Rosenzweig's name does not appear anywhere within those five pages in either case. He is not named in the caption, nor is he named in the "To each defendant:" line immediately beneath the caption. These summonses violate Supreme Court Rule 101 because they are not directed to Rosenzweig, and because they do not name all defendants in the caption. See Ill. S. Ct. R. 101(a), (d) (eff. May 30, 2008). Because the summonses do not name

Rosenzweig at all, they are not valid summonses as to him. See *Ohio Millers Mutual*, 367 Ill. at 56.

¶ 24    The service lists are not acceptable replacements for proper summonses. The service lists do not identify anyone as being a defendant in a lawsuit. Rather, they simply list names and addresses of companies and individuals. One version of the service list in case number 12 CH 6944 states that Rosenzweig is the registered agent of 11033 South Michigan Avenue Building, LLC, suggesting that he is *not* a defendant, but merely an agent authorized to accept service on behalf of the defendant LLC. Moreover, neither summons indicates that a service list is attached, and it is not clear whether process servers gave the service lists to Rosenzweig. The process servers' affidavits state that they gave the summonses and complaints to Rosenzweig but are silent as to the service lists. Plaintiff may have given the service lists to the process servers for their convenience, without instructions that the lists be given to defendants such as Rosenzweig. See, e.g., *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 16 ("While [the defendant's] name appeared in the attached list of defendants to be served, that was not directed to her. Instead, it was directed to the process server and thus was not part of the summons."). Altogether, this was an inadequate approach to service that did not confer personal jurisdiction over Rosenzweig upon the circuit court.

¶ 25    We reject the circuit court's conclusion that the flaws in these summonses are merely "technical." On the contrary, these summonses fail in the most fundamental way because they do not clearly identify Rosenzweig as a defendant in a lawsuit. The summonses and service lists are vague, inconsistent with each other, and confusing. Plaintiff easily could have avoided this issue by including the name of each individual defendant on the summons directed to that defendant.

This approach would not have been burdensome; case number 12 CH 6944 named only seven defendants and case number 13 CH 25354 named just eight defendants. While a court should construe summonses liberally and not elevate form over substance (*Charter Bank & Trust of Illinois v. Novak*, 218 Ill. App. 3d 548, 552 (1991)), we insist that a summons clearly inform a defendant that he or she, specifically, is being sued. Plaintiffs should not assume that lay defendants will understand that "et al." includes them, which is why Supreme Court Rule 131(c) does not allow that abbreviation on summonses. See Ill. S. Ct. R. 131(c) (eff. Nov. 15, 1992). Similarly, plaintiffs should not assume that defendants will know to look for a service list attached to a summons, or that defendants will understand that their presence on a service list indicates that they are, in fact, defendants. Rather, plaintiffs should follow Supreme Court Rule 101(a)'s clear requirement that summonses "shall be directed to each defendant." Ill. S. Ct. R. 101(a) (eff. May 30, 2008). Plaintiff failed to do so in case numbers 12 CH 6944 and 13 CH 25353, and service on Rosenzweig was invalid in those cases.

¶ 26    We now address *laches* because plaintiff raised it in the circuit court and Rosenzweig's brief on appeal addresses it. *Laches* is an equitable doctrine that "precludes a litigant from asserting a claim when the litigant's unreasonable delay in raising the claim has prejudiced the opposing party." *Federal National Mortgage Association v. Altamirano*, 2020 IL App (2d) 190198, ¶ 15. *Laches* is an affirmative defense that requires the party raising it to plead and prove that that the opposing party failed to exercise due diligence and that the opposing party's delay caused prejudice. *Id.* ¶ 16.

¶ 27    We acknowledge that the Second District has applied *laches* in foreclosure cases involving issues of process service. See, e.g., *id.* (*laches* barred the defendants' section 2-1401

petition based on a defective summons because the defendants filed their petition eight years after being served); *PNC Bank, National Ass'n v. Kusmierz*, 2020 IL App (2d) 190521, ¶ 33 (*laches* barred the defendants' section 2-1401 petition challenging service, which they filed six years after default judgment and judicial sale of the property); *Ocwen Loan Servicing, LLC v. DeGomez*, 2020 IL App (2d) 190774, ¶ 30 (*laches* barred the defendants' section 2-1401 petition alleging defective summonses, which they filed more than eight years after being served).

¶ 28    However, we decline to resolve this case on the grounds of *laches* for three reasons. First, *laches* is an affirmative defense, and a party abandons an affirmative defense by not pursuing it. *Wheeler v. Sunbelt Tool Co., Inc.*, 181 Ill. App. 3d 1088, 1105 (1989). Plaintiff has not participated in this appeal at all, which we interpret as abandonment of its claim of *laches*. Second, *laches* is a doctrine of equity, and it would be unfair to punish Rosenzweig by finding in favor of a claim of *laches* that plaintiff has not advanced in this court and that the circuit court did not address. Third, the record is muddled as to whether Rosenzweig was, in fact, served in or had actual knowledge of these two foreclosure actions. *Cf. Kusmierz*, 2020 IL App (2d) 190521, ¶ 33 (the defendants did not dispute receiving service or knowing of the judicial sale of the property); *DeGomez*, 2020 IL App (2d) 190774, ¶ 30 (the defendants did "not argue that they were not served or had no knowledge of the foreclosure action."). The record suggests that Rosenzweig only became aware of these cases when GSUPB Recovery Fund, as Urban Partnership Bank's assignee, sought to revive the judgments against him in October and November 2021. Rosenzweig appeared and filed his section 2-1401 petitions almost immediately. This procedural history does not support the application of *laches*.

¶ 29    Rosenzweig was not properly served, and the circuit court was without personal jurisdiction over him in case numbers 12 CH 6944 and 13 CH 25343. Accordingly, we reverse the denial of Rosenzweig's section 2-1401 petitions, vacate the judgments against him, and remand these matters. See *Mitchell*, 2014 IL 116311, ¶ 45; *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶¶ 19-22.

¶ 30                      B. Case Number 12 CH 22049

¶ 31    In case number 12 CH 22049, a process server's affidavit attests that Rosenzweig was personally served on June 20, 2012. Rosenzweig's affidavit attests that he was never served in this case. The record contains no summonses for any of the defendants in this case.

¶ 32    "In Illinois, the process server's return affidavit is *prima facie* evidence of proper service, and the affidavit of service should not be set aside unless impeached by 'clear and convincing evidence.' " *Illinois Service Federal Savings and Loan Ass'n of Chicago v. Manley*, 2015 IL App (1st) 143089, ¶ 37 (quoting *Paul v. Ware*, 258 Ill. App. 3d 614, 617-18 (1994)). "Courts are required to indulge in every reasonable presumption in favor of the return [of service], and the uncorroborated testimony of the party upon whom service is made is not enough to set aside this evidence." *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 24. To attack a default judgment on grounds that the court never obtained personal jurisdiction, the defendant must present evidence to impeach the affidavit of service. *Paul*, 258 Ill. App. 3d at 617-18. An uncorroborated affidavit stating that the defendant was not personally served is insufficient to overcome the presumption of valid service, and default judgment will not be set aside on only this evidence. *Id.*

¶ 33    We must affirm the circuit court's denial of defendant's section 2-1401 petition in case number 12 CH 22049. The record contains a copy of the special process server's affidavit, which states that he personally served Rosenzweig with the "summons and a copy of the complaint" at an address in Skokie on June 20, 2012. The process server's affidavit includes Rosenzweig's gender, race, and approximate age, and the time and place of service, as required by statute. See 735 ILCS 5/2-203(b) (West 2012). Rosenzweig's affidavit attached to his section 2-1401 petition attests that he was not served. This affidavit is insufficient to set aside the circuit court's determination that Rosenzweig was properly served in case number 12 CH 22049. We find that the circuit court had personal jurisdiction over Rosenzweig in case number 12 CH 22049 and that it properly entered judgment against him.

¶ 34    The difference between our conclusion that service was valid in this case, but invalid in the other two cases, turns on whether summonses exist in the record. In case numbers 12 CH 6944 and 13 CH 25354, summonses do exist, and they are invalid because they do not name Rosenzweig, in violation of Supreme Court Rule 101. These improper summonses are the affirmative evidence that defeats the presumption of proper service. By contrast, in case number 12 CH 22049, no summonses exist in the record, and Rosenzweig has not presented affirmative evidence beyond his own affidavit to contest the validity of service, so we must presume that service upon him was proper. Accordingly, we affirm the judgment of the circuit court in case number 12 CH 22049.

¶ 35                        III. CONCLUSION

¶ 36    For the foregoing reasons, we reverse the circuit court's denial of Rosenzweig's section 2-1401 petitions and vacate the judgments against him in case numbers 12 CH 6944 and 13 CH

24354, and we remand those matters. We affirm the judgment of the circuit court in case number 12 CH 22049.

¶ 37    Circuit court case numbers 12 CH 6944 and 13 CH 24354 (appellate court case numbers 1-22-1206 and 1-22-1204): Reversed, judgments vacated, remanded.

¶ 38    Case number 12 CH 22049 (appellate court case number 1-22-1205): Affirmed.